UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDWIN ORTIZ-FIGUEROA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1154 (JAF)

(Crim. No. 95-cr-29-36)

**OPINION AND ORDER**

Petitioner Edwin Ortiz-Figueroa ("Ortiz") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed. (Docket No. 1.) The United States opposes his motion. (Docket No. 3.) This is the second time Ortiz has petitioned us for relief under Section 2255. (Crim. No. 95-cr-29, Docket No. 2893.) Because Ortiz failed to obtain certification from the First Circuit to file a successive petition, we lack jurisdiction and must dismiss the motion.

**I.**

**Background**

Ortiz, along with codefendants, was tried before a jury beginning on November 17, 1997. (Crim. No. 95-cr-29, Docket No. 1917.) He was charged with conspiracy to possess with intent to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. §§ 841, 846; using and carrying a firearm during and in relation to a drug conspiracy in violation of 18 U.S.C. § 924(c); conspiracy to kill while engaged in a drug conspiracy in violation of 21 U.S.C. §§ 846, 848(e)(1)(A); and intentionally killing or attempting to kill while engaged in a drug conspiracy in violation of 18 U.S.C.

§ 2 and 21 U.S.C. §§ 846, 848(e)(1)(A). He was also charged with liability for conspiracy under Pinkerton v. United States, 328 U.S. 640 (1946). U.S. v. Collazo-Aponte, 216 F.3d 163, 174 (2000). On February 16, 1998, the jury returned guilty verdicts as to all defendants on all counts. We sentenced Ortiz to concurrent terms of life imprisonment on multiple counts and to a consecutive ten-year term on Count 65, the firearms charge. Id.

On July 2, 1998, Ortiz filed a notice of appeal. (Crim. No. 95-cr-29, Docket No. 2340.) On June 27, 2000, the First Circuit affirmed Ortiz's conviction and sentence. Collazo-Aponte, 216 F.3d at 207. On July 12, 2001, Ortiz motioned the court to vacate his sentence under 28 U.S.C. § 2255. (Crim. No. 95-cr-29, Docket No. 2893.) On November 25, 2003, we summarily dismissed his petition. (Crim. No. 95-cr-29, Docket No. 3275.) On February 28, 2008, Ortiz moved the court for retroactive application of the sentencing guidelines to his crack cocaine offense under 18 U.S.C. § 3582. (Crim. No. 95-cr-29, Docket No. 3197.) On October 28, 2008, we denied Ortiz's motion for retroactive application of the sentencing guidelines. (Crim. No. 95-cr-29, Docket No. 3347.) On January 12, 2009, Ortiz filed a notice of appeal. (Crim. No. 95-cr-29, Docket No. 3400.) On June 30, 2009, the First Circuit summarily affirmed our ruling, stating that "the denial of a reduction was not error." (Crim. No. 95-cr-29, Docket No. 3401.) The First Circuit stated that Ortiz's sentence "was based on the cross-reference to murder under the guidelines [and therefore] the United States Sentencing Commission cocaine base amendments do not render him eligible for a reduction of sentence." (Id.)

On January 31, 2013, Ortiz filed the instant petition as a Rule 35 motion. (Crim. No. 95-cr-29, Docket No. 3597.) We ordered that it should be treated as a petition under

28 U.S.C. § 2255. (Crim. No. 95-cr-29, Docket No. 3601.) On February 22, 2013, Ortiz re-filed his motion as one to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Docket No. 1.) On April 12, 2013, the United States filed a response in opposition to Ortiz's motion. (Docket No. 3.) On May 9, 2013, Ortiz filed a supplemental motion to amend his motion to vacate, set aside, or correct the sentence. (Docket No. 4.)

## II.

### Legal Standard

Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Ortiz submitted his first motion under Section 2255 on July 12, 2001, and we dismissed that motion on November 25, 2003. (Crim. No. 95-cr-29, Docket Nos. 2893, 3275.) Ortiz has not obtained certification from the First Circuit to file a successive petition and, therefore, we lack jurisdiction to rule on this motion.

## III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Ortiz has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Ortiz may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Ortiz's § 2255 motion (Docket No. 1).  Pursuant to Rule 9 of the Rules Governing § 2255 Proceedings, summary dismissal is in order because Ortiz must obtain an order from the court of appeals before we can consider a second petition under § 2255.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of January, 2014.

                                                         S/José Antonio Fusté
                                                         JOSE ANTONIO FUSTE
                                                         U. S. DISTRICT JUDGE